# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HAROLD STEVEN JACKSON              :

Petitioner                                    Civil Action No. PJM-06-1504
     v.                          :     Criminal No. PJM-02-396
                                                    (ECF Exempt)

UNITED STATES OF AMERICA          :

Respondent                    .....................

## MEMORANDUM OPINION

Now before the Court is a pro se Petition for a Writ of Error Coram Nobis filed by Harold Steven Jackson challenging his term of supervised release.  Jackson pleaded guilty on December 30, 2002, to felon in possession in violation of 18 U.S.C. § 922 (g)(1).[1]  On May 2, 2003, this Court sentenced him to thirty-seven months imprisonment and three years of supervised release.[2]  The Petition will be denied for the reasons that follow.

A writ of error coram nobis is granted "only under circumstances compelling such action to achieve justice."  *United States v. Morgan*, 346 U.S. 502, 511 (1954).  Coram nobis is an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).  A writ of error coram nobis is not available where, as

---

[1]     Petitioner filed a 28 U.S.C. §2255 motion challenging his term of supervised release on June 1, 2006. *See* Civil Action No. PJM-06-1372.  On June 15, 2006, this Court notified Jackson that the § 2255 motion appeared time-barred and granted him thirty days to respond.

[2]     On June 15, 2006, the Court issued a warrant for Jackson's arrest for violating the terms of his term of supervised release.  On June 19, 2006, Magistrate Judge William Connelly signed an Order of Detention.

here, a petitioner is serving the sentence under attack. *See Morgan*, 346 U.S. at 502.  In this case,

Jackson is still serving his sentence, and his challenge to his sentence is properly presented in a

28 U.S.C. §2255 petition.

To the extent Jackson may intend to challenge the validity of his sentence pursuant to 28

U.S.C. § 2241, he must establish that a §2255 motion is an "inadequate or ineffective remedy" to

challenge the legality of his detention." *See* 28 U.S.C. §2255; *In re Jones*, 226 F.3d 328, 332-33

(4th Cir. 2000).[3]  Petitioner fails to satisfy the criteria set forth in *In re Jones* for demonstrating

inadequate relief. Petitioner does not allege that the remedy provided by §2255 is inadequate.

Further, the fact that his 28 U.S.C. § 2255 motion might be adjudged time-barred does not render

the remedy inadequate or ineffective. *See  In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).[4]

Lastly, Jackson appears to contend that his sentence violates the holdings announced by the

Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005) and *Blakely v. Washington*, 542 U.S.

296 (2004).  In *Blakely*, the Supreme Court reaffirmed the holding in *Apprendi v. New Jersey*, 530

U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

---

[3]      A 28 U.S.C. §2255 motion provides an inadequate and ineffective remedy when (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See In re Jones*, 226 F.3d at 333-34.

[4]      To the extent Jackson might be intending here to collaterally attack a judgment revoking of his supervised release, such an attack is premature.  Jackson may file for collateral relief after there has been a final judgment on the issue.  In addition, Jackson may not challenge two judgments in a single § 2255 motion. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(d) ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.").

proved beyond a reasonable doubt." 542 U.S. at 203. In *Booker*, the Supreme Court extended

*Blakely* to the U.S. Sentencing Guidelines. *See* 543 U.S. at 224. The Supreme Court, however, has

not held the rule of law announced in this line of cases retroactive on collateral review. *See United*

*States v. Morris*, 429 F.3d 65 (4th Cir. 2005); *United States v. Sanders*, 247 F.3d 139, 148 (4th Cir.

2001).

      For these reasons, the request for Writ of Error Coram Nobis will be denied. A separate

Order follows.

_6/22/06_
Date

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE